# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **Edward R. Lane,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    CV-11-BE-0883-KOB |
| | ) |
| **Central Alabama Community College,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Mr. Lane's "Motion for Clarification and/or Reconsideration" (doc. 45) of this court's order and memorandum opinion granting summary judgment for Defendants Dr. Franks and Central Alabama Community College ("CACC"). (Docs. 43, 44).  Mr. Lane argues that this court should reconsider its ruling that Mr. Lane's claim under the State Employee Protection Act, Ala. Code 36-26-A-3, ("SEPA") against Dr. Franks in his individual capacity is barred by the Eleventh Amendment to the United States Constitution. (Docs. 43, 44). The court agrees with Mr. Lane that Dr. Franks is not immune from a state law claim under the federal doctrine of qualified immunity. The court GRANTS the Motion and reconsiders Mr. Lane's SEPA claim below. However, the court finds that Dr. Franks is entitled to summary judgment on the SEPA claim on other grounds.

## I. STANDARD OF REVIEW

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity &*

*Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). Courts have generally recognized three grounds justifying reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001). In this case, the court recognizes that it made a clear error when ruling on the Plaintiff's SEPA claim.

II. STATEMENT OF FACTS

For purposes of this opinion, the court's findings of fact in its Memorandum Opinion granting Summary Judgment for the Defendants controls, and the court will reference its opinion for those facts. (Doc. 44).

On September 30, 2012, this court granted summary judgment for the Defendants on all of Mr. Lane's claims because Central Alabama Community College ("CACC") and Dr. Franks were immune from Mr. Lane's federal claims. (Doc. 44). It also mistakenly included Mr. Lane's SEPA claim in that grant of summary judgment on immunity grounds.

III. LEGAL ANALYSIS

A.   Reconsideration

Dr. Franks is not immune from Mr. Lane's state law SEPA claim in his individual capacity under the doctrine of qualified immunity. Neither the court nor the parties have been able to find any applicable Alabama case law asserting that state employees like Dr. Franks are

immune from SEPA under any doctrine. The court's ruling was a clear error of law, and therefore the court will reconsider its ruling.

    B.    <u>Merits of Mr. Lane's SEPA Claim</u>

The Alabama Code creates a cause of action for state employees wrongfully discharged for reporting a violation of state law to a public body:

> A supervisor shall not discharge, demote, transfer, or otherwise discriminate against a state employee regarding the state employee's compensation, terms, conditions, or privileges of employment if the state employee, reports, under oath or in the form of an affidavit, a violation of a law, a regulation, or a rule, promulgated pursuant to the laws of this state, or a political subdivision of this state, to a public body.

Ala. Code 36-26A-3.

The Code defines "state employee" as "a person defined as a classified employee under Section 36-26-2." Ala. Code 26-26A-2(2). The Code specifically exempts the following educational employees from being classified employees: "All officers and employees of the state's institutions of higher learning, teacher-training institutions and normal schools, educational, eleemosynary and correctional institutions which are governed and controlled by boards of trustees or similar governing bodies and secondary agricultural schools and vocational schools." Ala. Code 36-26-10(b)(5). The parties do not dispute that Mr. Lane was an employee of CACC, a state institution of higher learning, when the alleged violation of the statute took place. (Doc. 44, at 1-2). He was an exempt employee, and not a classified state employee within the meaning of SEPA. Thus, SEPA's protections do not apply to him, and he cannot bring a valid claim under SEPA for his termination against Dr. Franks.

Even if Mr. Lane were a classified employee protected by the statute, he did not report a violation of state law, regulation, or rule to a public body. The Code specifically defines public body as

> a. A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the Executive Branch of state government.
>
> b. An agency, board, commission, council, member, or employee of the Legislative Branch of state government.
>
> c. A law enforcement agency, including the offices of the Attorney General and district attorneys, or any member or employee of a law enforcement agency.
>
> d. The Judicial Branch of *state government* and any member or employee of that branch.

Ala. Code 26-26A-2(1) (emphasis added). The parties do not dispute that Mr. Lane testified pursuant to a subpoena issued by the *federal* district court in Ms. Schmitz's *federal* criminal case. (Doc. 44, at 3-4). He did not report any violation of law to a "public body" as required under SEPA. Neither Mr. Lane's federal grand jury nor federal trial testimony is protected by SEPA, and he cannot bring a valid claim under SEPA against Dr. Franks for his termination.

IV. CONCLUSION

While Mr. Lane is correct that the court made an error in granting summary judgment for Dr. Franks in his individual capacity on the SEPA claim on immunity grounds, Mr. Lane has not shown that he is entitled to relief under SEPA. Because no genuine issue of material fact exists and because Dr. Franks is entitled to judgment as a matter of law on Mr. Lane's SEPA claim, the court will affirm its decision to GRANT the Defendants' Motion for Summary Judgment on count I of Mr. Lane's Complaint albeit on the grounds stated in this Memorandum Opinion and Order.

DONE and ORDERED this 20th day of November, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE