FILED
2016 Jun-14 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **EDWARD R. LANE,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.:    4:11-cv-00883-KOB** |
| | ] | |
| **SUSAN BURROW, in her official** | ] | |
| **capacity as Acting President of Central** | ] | |
| **Alabama Community College,** | ] | |
| | ] | |
| **Defendant.** | ] | |

**<u>MEMORANDUM OPINION</u>**

## I.    Introduction

This matter is before the court on the "Defendant's Motion for Summary Judgment for Lack of Jurisdiction." (Doc. 80).

This lawsuit centers on Plaintiff Edward R. Lane's allegations that he was terminated from his position at Central Alabama Community College in retaliation for exercising his First Amendment rights. This case has a lengthy procedural history, with appeals to both the Eleventh Circuit and to the United States Supreme Court. The only claim remaining before the court today is Lane's claim against Susan Burrow, in her official capacity as president of Central Alabama Community College, seeking equitable relief for the alleged violation of Lane's First Amendment rights.

As will be set out in greater detail in this Opinion, the court finds that Defendant Burrow is incapable of providing Lane with meaningful relief. Therefore, a justiciable case or controversy no longer exists, and the court does not have subject matter jurisdiction over this

dispute. Accordingly, the court will GRANT Burrow's Motion for Summary Judgment and will DISMISS Lane's claim against her.

## II.     Standard of Review

### A.     <u>Summary Judgment</u>

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden shifts to the non-moving party to produce sufficient favorable evidence "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

In ruling on a motion for summary judgment, the court should view all evidence and

inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). The evidence of the non-moving party "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255.  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks and citations omitted).  This standard exists because "the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson*, 477 U.S. at 255).

After both parties have addressed the motion for summary judgment, the court must grant the motion only if no genuine issues of material fact exist and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

B.    Subject Matter Jurisdiction

The court may consider a challenge to its subject matter jurisdiction at any time during the litigation. *See Williams v. Warden*, *Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

3

For subject matter jurisdiction to vest in a court, Article III of the United States Constitution requires that "a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal citations and quotations omitted). Otherwise, "[a] case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emp.'s Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal quotations and citations omitted); *see also Aslin v. Fin. Indus. Regulatory Auth.*, 704 F.3d 475, 477 (7th Cir. 2013) ("Mootness commonly arises where a federal court becomes unable to award meaningful relief in the case."). A moot suit "cannot present an Article III case or controversy and the federal courts lack subject matter to entertain it." *Coral Springs Street Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) (citing *Al Najjar v. Aschcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam)).

**III.    Statement of Facts**

On September 26, 2006, Plaintiff Edward R. Lane was hired by Central Alabama Community College ("CACC") as the Director of the Community Intensive Training for Youth Program ("CITY"), a program for at-risk youth. While working as Director of CITY, Lane discovered that then state representative Suzanne Schmitz was listed on CITY's payroll but was not reporting for work. Lane later terminated Schmitz's employment with CITY. After she was terminated, the FBI began investigating Schmitz and contacted Lane for information. Lane then testified before a federal grand jury and, pursuant to a subpoena, testified at Schmitz's August 2008 federal criminal trial for mail fraud and fraud involving a program receiving federal funds.

In January 2009, Dr. Steve Franks, then president of CACC, terminated Lane from his

position with CITY. Lane alleges that Franks terminated him in retaliation for testifying against Schmitz, in violation of his First Amendment rights.

In September 2009, the Alabama state legislature stopped funding the CITY program, and the program was terminated. Franks has now retired from his position as president of CACC, and Susan Burrow has replaced him as his successor, leaving the remaining claims against Franks in his official capacity as claims against Susan Burrow in her official capacity.

## IV.    Procedural History

Lane originally brought this suit in January 2011 in the Middle District of Alabama against Central Alabama Community College and Dr. Steve Franks. Lane asserted three counts in his Complaint: (1) a violation of the State Employee Protection Act under Ala. Code §36-26A-3 by Franks; (2) retaliation for the exercise of protected First Amendment speech by Franks and CACC; and (3) a violation of 42 U.S.C. § 1985 for conspiring to injure him because he had testified by Franks.  The case was transferred to this court in March 2011.

Relying on existing Eleventh Circuit case law, this court dismissed Lane's conspiracy claim and granted the Defendants' Motion for Summary Judgment on Lane's remaining claims, finding that (1) the Eleventh Amendment barred Lane's claim against CACC; (2) the Eleventh Amendment barred Lane's claims against Franks in his official capacity as president of CACC; and (3) the Eleventh Amendment and the doctrine of qualified immunity barred Lane's claims against Franks in his individual capacity.

In November 2012, Lane appealed to the Eleventh Circuit, abandoning all of his claims except for his claims against Franks in his individual and official capacity seeking equitable relief for an alleged violation of the First Amendment. The Eleventh Circuit affirmed this court's

5

decision as to those claims. *See Lane v. Cent. Cmty. Coll.*, 523 F. App'x 709 (11th Cir. 2013) (per curiam). The Eleventh Circuit explained that, although this court had couched its decision in terms of qualified immunity, it found that Lane's speech was made pursuant to his official duties as CITY's Director, not as a citizen speaking on a matter of public concern. The Eleventh Circuit agreed that Lane was not entitled to First Amendment Protection because his speech was not made as a citizen speaking on a matter of public concern. The Eleventh Circuit also concluded that even if a constitutional violation had occurred, Franks would be entitled to qualified immunity because that right was not clearly established at the time of the alleged violation.

Lane then appealed to the United States Supreme Court, and the Supreme Court affirmed in part and reversed and remanded in part. *See Lane v. Franks*, 134 S. Ct. 2369 (2014). The Supreme Court found that Lane's testimony at Schmitz's trial was speech as a citizen on a matter of public concern and was therefore entitled to First Amendment protection, but that Franks was nevertheless entitled to qualified immunity from the claim against him in his individual capacity because Lane's First Amendment right was not clearly established at the time of the alleged violation. Accordingly, the Supreme Court affirmed the Eleventh Circuit's dismissal of Lane's claim against Franks in his individual capacity. The Supreme Court, however, reversed and remanded the Eleventh Circuit's dismissal of the claims against Franks in his official capacity. This court had dismissed those claims as barred by the Eleventh Amendment, and the Eleventh Circuit had declined to consider them on appeal, finding that, because Lane had failed to establish a prima facie case of retaliation, it did not need to decide whether Franks was entitled to sovereign immunity. The Supreme Court remanded the case to the Eleventh Circuit for further consideration of the claim against Franks in his official capacity.

6

On remand, the Eleventh Circuit found that Lane's claim against Franks in his official capacity was not barred by the Eleventh Amendment because it sought prospective equitable relief in the form of reinstatement of his employment. *See Lane v. Cent. Ala. Comm. Coll.,* 772 F.3d 1349 (11th Cir. 2014) (per curiam). The Eleventh Circuit remanded the case to this court to determine the equitable relief available to Lane. The Eleventh Circuit noted that "it might be necessary for the district court to engage in additional factfinding on this issue to determine what form of equitable relief is available to Lane." *Id*. at 1352 n. 3.

While Lane's appeals were pending, Franks retired from his position as president of CACC, and Susan Burrow replaced him as his successor. Accordingly, the court substituted Susan Burrow as a Defendant, and Lane's claims against Franks in his official capacity are now claims against Susan Burrow in her official capacity. The only claim remaining before this court on remand is Lane's claim against Susan Burrow, in her official capacity, seeking equitable relief for the termination that allegedly violated Lane's First Amendment rights.

The court held a status conference in this case on January 7, 2015, and gave the parties until February 23, 2015 to engage in additional discovery on the issue of the appropriate equitable remedy.

On February 20, 2015, near the end of discovery, Lane moved to amend his Complaint to add a new Defendant. Lane argued that the CITY program was reorganized as the SPAN program, under the direction of the Department of Youth Services (DYS) and requested leave to add as a Defendant the Executive Director of the DYS, Steven P. Lefreniere, in his official capacity. The court denied Lane's Motion, finding his request to be untimely because it was filed more than three years after the court's deadline for joining additional parties. The court

7

additionally found that Lane had not shown good cause for his delay because Lane's argument

that DYS was the successor to CACC was based on a report that was publicly available in 2009,

two years before Lane had even filed suit. Lane then filed a Motion to Reconsider, which the

court also denied.

In January of this year, Susan Burrow filed the Motion for Summary Judgment that is the

subject of this Opinion.

**V.     Discussion**

The only remaining Defendant in this action, Susan Burrow, has moved for summary

judgment on the basis that the court lacks subject matter jurisdiction over this dispute because a

justiciable case or controversy no longer exists. Burrow contends that she is incapable of

providing Lane with the equitable relief he seeks. The parties agree that Lane cannot be

reinstated to a position with CITY because that program no longer exists.

Lane, however, has argued that the CITY program was reorganized as the SPAN

program. Burrow contends that she is also incapable of reinstating Lane to a position with the

SPAN program because it is overseen by DYS, and Burrow, as president of CACC, has no

control over the SPAN program.[1]

In furtherance of his position that the CITY program had been reorganized as SPAN,

Lane sought to amend his Complaint to add the Executive Director of DYS as a Defendant. In his

---

[1] In his Response to Burrow's Motion for Summary Judgment, Lane suggests in a
footnote that, because CACC and DYS are both arms of the state that are represented by the state
Attorney General, Burrow may be able reinstate Lane to a position with SPAN, even though it is
part of another state agency. Lane provides no support for this position and has failed to
demonstrate that Burrow has the authority to reinstate Lane to a position with SPAN. Therefore,
the court finds that this argument lacks merit.

Motion for Leave to Amend, Lane stated that "the Executive Director of DYS (who is presently Steven P. Lefreniere), in his official capacity, will need to be named as a party Defendant herein." (Doc. 69, ¶ 8). Lane further said, "In the instant action, complete relief cannot be accorded without the addition of the successor to Susan Burrow insofar as the continuance of the C.I.T.Y. program is concerned (now renamed SPAN)." (*Id.*, ¶ 9). Lane argued that he should be given leave to add Lefreniere as a Defendant because he "would be the only official that could effectuate the appropriate equitable remedy of reinstatement . . . ." (*Id.*, ¶ 12). The court, however, denied Lane's Motion for Leave to Amend his Complaint, as set out above.

Burrow argues that Lane's statements demonstrate that no meaningful relief is available to him because only Lefreniere, as Executive Director of DYS, could provide Lane with such relief by reinstating him to a position with SPAN. Burrow suggests that, because no meaningful relief is available to Lane, a justiciable case or controversy no longer exists, and the court does not have subject matter jurisdiction over this dispute. *See Knox*, 132 S. Ct. at 2287 (2012) (explaining that "[a] case becomes moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotations and citations omitted).

The court agrees. Lane has previously represented to the court that the Executive Director of DYS is the *only individual* who could provide him with meaningful relief. Lane may not change his position and now argue the opposite. Because the Executive Director of DYS is not a party to this suit, no meaningful relief is available to Lane, and no justiciable case or controversy exists.

Lane nonetheless argues that, his previous representations aside, meaningful relief is available to him because the court could order Burrow to reinstate him to a comparable position

9

with CACC, even though his prior position with the CITY program no longer exists. *Assuming arguendo* that Lane were not bound to his previous representations, the court agrees that it could order reinstatement to a comparable position *if such a comparable position existed. See, e.g., Sennello v. Reserve Life Ins. Co.*, 667 F. Supp. 1498, 1522 (S.D. Fla. 1987) (ordering reinstatement to a position that was "comparable to that which she held prior to her wrongful demotion and subsequent firing some seven years ago.").

Lane, however, has failed to demonstrate that any comparable positions exist at Central Alabama Community College. Lane states, "It is simply apparent from a cursory review of the Central Alabama Community College website that Ms. Burrow has comparable positions to that which Mr. Lane held at the time of his termination." (Doc. 82, at 7). In support of this statement, Lane attaches a screenshot from CACC's website with information on the "Achieving Student Success" Program, a program focused on helping low-income and other high-risk students to achieve academic success. (Doc. 82-1). The screenshot offered by Lane clearly states, however, that the Achieving Student Success program is funded by a five year Title III Department of Education grant that began October 1, 2011 and will end on September 30, 2016. (*Id.*). Institutions that receive these grants are not eligible to receive another grant of this type "until 2 years after the date on which the 5-year grant period terminates." 29 U.S.C. § 1059. Therefore, the grant for CACC's Achieving Student Success Program will end on September 30, 2016, and will not be extended. Lane has offered no evidence to show that a potential position within the Achieving Student Success program would exist in any capacity past the program's September 30, 2016 end date.

Further, despite being given time to engage in additional discovery on the issue of the

appropriate equitable remedy, Lane has offered no evidence, except for the screenshot of the webpage for the Achieving Student Success program, to show that positions exist within the Achieving Student Success program, or within any other program at Central Alabama Community College, that would be comparable to the position he held with the CITY program.

Lane's mere suggestion that comparable positions exist at CACC within Burrow's control is insufficient to establish that such positions actually exist. Lane must do more than suggest that comparable positions exist; he must offer concrete evidence demonstrating the existence of those positions. *See Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) ("A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted)). Lane has failed to offer sufficient evidence.

Accordingly, the court finds that Lane has not shown that a comparable position is available to which he could be reinstated by Susan Burrow.

Lane additionally argues that this case is not moot because the Eleventh Circuit remanded the case with the knowledge that Lane's former position no longer existed. The court finds that this argument lacks merit. In its Opinion remanding the case to this court, the Eleventh Circuit stated:

> We acknowledge that the C.I.T.Y. Program for which Lane served as Director is no longer in existence. We are unconvinced that this fact, in and of itself, renders Lane's request for reinstatement moot, particularly where Lane has alleged that the program was merely reorganized and renamed. But, should the district court determine that a constitutional violation occurred, we suggest that it might be necessary for the district court to engage in additional factfinding on

11

this issue to determine what form of equitable relief is available to
Lane.

*Lane,* 772 F.3d at 1352 n. 3.

In this statement, the Eleventh Circuit did not present any opinion as to whether the case would be moot given the facts now before the court. The Eleventh Circuit simply found that the case was not moot based on the facts before it *at that time*, and that the district court may need to engage in additional factfinding to determine what, if any, form of equitable relief was available to Lane.  Having now allowed the parties to engage in additional discovery to present additional facts to the court, the court finds that Burrow is unable to provide Lane with any form of equitable relief, and, therefore, the case is moot.

**IV.    Conclusion**

Because Lane cannot demonstrate that Defendant Burrow can afford him any meaningful relief, no justiciable case or controversy exists, and the court no longer has subject matter jurisdiction over this dispute.

Therefore, the court will GRANT Burrow's Motion for Summary Judgment and will DISMISS this case for lack of subject matter jurisdiction, with costs taxed as paid.

The court will enter a separate final Order along with this Opinion.

DONE and ORDERED this 14th day of June, 2016.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE